UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 13-45-DCR-02 |
| ) | |
| V. ) | |
| ) | |
| CLARENCE MILLS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 19, 2014, Defendant Clarence Mills pleaded guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 101] Mills was sentenced to a 125-month term of imprisonment, followed by five years of supervised release. [Record No. 137] Mills unsuccessfully appealed his sentence. [Record No. 174] The defendant has now filed a *pro se* motion for a reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). [Record No. 176] Because Mills was sentenced under the amended version of the U.S.S.G., his motion will be denied.

On November 21, 2013, Mills and four co-conspirators were charged with conspiring to distribute oxycodone between June 2007 and November 2013 in Whitley County, in the Eastern District of Kentucky. Mills and the United States did not have a written plea agreement; however, Mills admitted that he agreed with his girlfriend Judy Meadors to sell his oxycodone medication at her residence to cover their joint expenses. [Record No. 168, pp. 22, 25−26] Mills' Presentence Investigation Report ("PSR") provides further details.

On October 25, 2012, agents interviewed a confidential source who stated he/she had been purchasing oxycodone 30-milligram pills from Mills for five to six years. [Record No. 157, ¶ 3]  Subsequently, several confidential sources were used to make eight oxycodone purchases from Mills and his co-conspirators from March 2012 to May 2013. [*Id.*, ¶ 4]  On June 19, 2013, pursuant to a traffic stop, officers searched co-defendant Ronald Averill, finding 90 oxycodone 30-milligram pills, some of which he intended to distribute to Mills for trafficking. [*Id.*, ¶ 5]

On June 23, 2013, agents interviewed James Lee, who identified Mills as one of his sources of supply for selling oxycodone. [*Id.*, ¶ 6]  In addition, other cooperating witnesses admitted to purchasing oxycodone from Mills. [*Id.*, ¶ 7]  Ultimately, law enforcement determined that Mills was responsible for conspiring to distribute approximately 10,000 oxycodone 30-milligram pills, which have a marijuana equivalency of 2,010 kilograms. [*Id.*]

Based on his criminal conduct, Mills' base offense level was calculated to be 30. [*Id.*, ¶ 14]  However, he received a three-level decrease for acceptance of responsibility, resulting in a total offense level of 27. [*Id.*, ¶¶ 21−22]  With a criminal history category of V, Mills' non-binding guideline range under the 2014 version of the guidelines manual was 120 to 150 months. [*Id.*, ¶¶ 12, 84]  The defendant was sentenced at the low end of that range after the Court reduced the term to account for time spent in state custody in connection with related state charges.

Mills has now filed a motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the U.S.S.G.  Amendment 782 reduced the drug quantity tables in U.S.S.G. § 2D1.1 by two levels, becoming effective on November 1, 2014.  However, Mills was sentenced under § 2D1.1 after the effective date, so he was already sentenced under

the version of the Sentencing Guidelines containing the two-level reduction. Additionally, even under the 2015 version of the guidelines manual, which became effective on November 1, 2015, Mills' base offense level would be 30. U.S.S.G. § 2D1.1(c)(5). As a result, he does not qualify for relief under § 3582(c)(2)[1] and recent amendments to the Sentencing Guidelines.

Accordingly, it is hereby

**ORDERED** that Defendant Clarence Mills' motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) [Record No. 176] is **DENIED**.

This 13th day of May, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

[1] Section 3582(c)(2) only gives the Court authority to reduce a sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as long as the reduction is consistent with the applicable policy statements issued by the Commission.